UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| COREY WHITE,<br><br>    Petitioner,<br><br>V.<br><br>J. RAY ORMOND, Warden.<br><br>    Respondent. | Civil Action No. 6: 16-223-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Corey White has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct an initial screening of White's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In August 2004, White was arrested by Arkansas police on numerous criminal charges, one of which was for unlawful possession of a firearm. The firearms charge was nolle prossed, and White pled guilty to the remaining charges. In his petition, White contends that he did so based upon the understanding that by pleading guilty to the other state charges, no other charges – including federal charges – would be brought related to his possession of the firearm. [R. 1 at 2] However, during the state sentencing hearing White expressly stated that there were no conditions to his guilty plea other than the length of his state sentence. [R. 1-1 at 34-35, 37] On April 26, 2005, White was sentenced to 480 months imprisonment by the state court. [R. 1-1 at 3-5]

In June 2005, a federal grand jury issued an indictment charging White with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In February 2007 White changed his plea to guilty without a written agreement, a plea that was accepted following a hearing before the trial

court. Because White had previously been convicted of three or more violent felonies or serious drug offenses – including those for burglary, possession with intent to deliver marijuana, attempted capital murder, battery, and murder – he faced a statutory mandatory minimum sentence of 15 years pursuant to 18 U.S.C. § 924(e)(2)(B). White acknowledged this fact during the hearing.

In November 2007, during the sentencing hearing White reiterated that when he agreed to plead guilty to the state charges, he believed that no other charges would be brought against him. As a result, he asked the federal court to run its sentence concurrently with the pre-existing state sentence. In response, the government stated that:

> I have spoken with the deputy prosecuting attorney who handled this case, as well as with other people who were involved in negotiating the plea that the defendant took in state court. None of them confirmed ... the defendant's understanding that he would not be prosecuted in federal court, and as a matter of fact, they carved this offense out so that it would not be pled guilty in state court, so it would be able to be prosecuted in federal court.

The trial judge noted that the federal offense was for different conduct than that charged in the state court, as well as White's lengthy history of serious criminal conduct, and imposed the 15-year mandatory minimum sentence to run consecutively to his undischarged 40-year state sentence.

In July 2008, White filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in which he asserted that when he agreed to plead guilty, his defense counsel told him that he faced no more than five years imprisonment. However, during the change of plea hearing White was expressly told that he was subject to a mandatory minimum 15-year sentence, and faced up to life imprisonment. Because White's assertions were flatly refuted by the record, the trial court denied his motion. *United States v. White*, No. 4: 05-CR-166-JMM (E.D. Ark. 2005).

Six years later in 2014, White filed a motion for a nunc pro tunc reduction of his sentence pursuant to U.S.S.G. § 5G1.3, essentially arguing for the second time that his federal sentence

should have been run concurrently with his state sentence because both offenses were for the same conduct. The trial court promptly denied the motion, and the Eighth Circuit summarily affirmed.

White served approximately ten years of his forty-year sentence when he was paroled by Arkansas authorities on November 25, 2015. [R. 1-1 at 50] He was then transferred into the custody of the Bureau of Prisons to commence service of his federal sentence. White promptly filed an inmate grievance with the BOP, again seeking a nunc pro tunc designation of his state prison as the place of service of his federal sentence, the effect of which would be to run his state and federal sentences concurrently. The BOP rejected that request, noting that White could not be eligible for such a designation because his federal sentence was expressly ordered to run consecutively to his state sentence. [R. 1-1 at 53]

In his petition, White asks the Court "to correct a fundamental miscarriage of justice," by, at a minimum, ordering the BOP to credit the time he spent in state custody against his federal sentence. [R. 1 at 4] In effect, White asks the Court to partially invalidate his state plea agreement and the resulting sentence by reducing his federal sentence. [R. 1 at 4-5] White argues that this should be done as a matter of fairness, and makes a passing reference to the 2013 amendments to the § 5G1.3 of sentencing guidelines in light of the Supreme Court's decision in *Setser v. United States*, __ U.S. __, 132 S. Ct. 1463 (2012).

The Court will deny White's petition as entirely without merit. Having received credit for time he spent in state prison against his state sentence, White is plainly not entitled to credit against his consecutive federal sentence pursuant to 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329, 335, 337 (1992). Nor is he entitled to a nunc pro tunc designation pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), as his federal sentence was imposed after, not before, his state sentence, and was expressly ordered to run consecutively to it.

3

Finally, neither *Setser* nor the 2013 amendments to U.S.S.G. § 5G1.3 assist White. *Setser* held that a federal court may impose its sentence consecutively to or concurrently with an anticipated but not yet imposed state sentence; the corresponding amendments to the guidelines merely incorporated that discretion into the application notes and commentary. Regardless, *Setser* does not apply to White's case because his state sentence was already imposed before the federal court issued its own sentence and the federal court expressly ordered its sentence to run consecutively to his state sentence. In addition, relief based upon changes to the guidelines must be sought, if at all, in the sentencing court.

Because the BOP has correctly calculated White's sentence, and because this Court's authority "to do justice" is rightfully constrained by both the cognizability limitations that inhere in § 2241 and the substantive requirements of the law, White's petition must be denied.

Accordingly, it is **ORDERED** as follows:

1. White's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated September 18, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY